**KURN et al. v. STATE.**

No. 26791.    March 2, 1937.

Rehearing Denied March 23, 1937.

J. W. Jamison, Cruce, Satterfield & Grigsby, and W. T. Stratton, for appellants.

J. B. A. Robertson and Arthur Holloway, for appellee.

OSBORN, C. J. This cause originated before the Corporation Commission of the state, by the filing of an application by the trustees of the St. Louis-San Francisco Railway Company, hereinafter referred to as appellant, to obtain permission to discontinue the maintenance of a regular station agent at the company station at Bryant, Okla., and to substitute therefor a caretaker or merchant agent. From an order denying the relief sought, an appeal was perfected to this court.

The town of Bryant is located on the line of the appellant company 5.9 miles south of Henryetta and 6.7 miles north of Weleetka. Regular agency stations are maintained at these points. The town has a population of 107. The business enterprises of the town consist of three small stores, a mercantile establishment, and two gasoline stations.

It is alleged that the character of business transacted at the station at Bryant, and the revenue derived therefrom, are insufficient to justify the continued maintenance of a regular agent at said point, and that the needs of the public can be adequately served by the substitution of a merchant agent or caretaker, thus effecting a saving of operating expense. It was alleged that the total revenue derived at the station for a period of 15 months ending December 1, 1934, amounted to $18,089.69; that out of the total revenue, $17,147.09 is attributable to business transacted for the plant of the Phillips Petroleum Company located three miles west of Bryant, which business can be adequately and satisfactorily transacted at the station at Henryetta, Okla., located 5.9 miles north of Bryant; that after deducting said revenue of $17,147.09, the total derived from business transacted for the general public located at and in the vicinity of Bryant during said 15-month period amounts to $942.60: that it is necessary to deduct 50 per cent. from the total, inasmuch as the destination station has a handling charge, and after deducting 50 per cent. the total revenue derived at said station for said period amounted to $523.50; while the station expense was $1,498.35.

A hearing was had before the commission, and at the conclusion thereof the commission entered the following findings:

"(1) That the net revenue applicable to the Bryant Station, for the 15-month period September, 1933, to November, 1934, both inclusive, amounted to the sum of $7,590.88.

"(2) That the net revenue attributable to the Bryant Station for the 15-month period February, 1934, to April, 1935, both inclusive, amounted to the sum of $4,468.84.

"(3) That the net revenues at the Bryant Station are sufficiently high to justify the company in continuing a regular agent at that place.

"(4) That the closing of the company's station at Bryant, Okla., would result in the surrender of a portion of the company's business to truck competition, recapture of which, at a future date, would be remote.

"(5) That service to Phillips Petroleum Company, the company's largest shipper at Bryant, through the company's facilities available at Henryetta, Okla., would not be as satisfactory to the said company as the present arrangement."

It was the order of the commission that the application be denied and the proceeding be dismissed without prejudice.

The assignments of error may be summarized as follows: The order appealed from is not sustained by the evidence; it is unreasonable, unjust, and contrary to law; that it deprives appellants of their property without due process of law.

In arriving at the figures representing the net revenue attributable to the Bryant Station, the commission deducted 50 per cent. of the revenues received from the handling of freight, added thereto the amount received from the sales of tickets, and deducted the total cost of operation of the station.

The record discloses that for the 15-month period September, 1933, to November, 1934, both inclusive, the gross revenues were $18,489.69; but the sum of $17,149.09 was attributable to the handling of the business of the Phillips Petroleum Company. It is noted that the commission found that the rendition of service to the Phillips Petroleum Company through the railroad facilities available at Henryetta "would not be as satisfactory to the company as the present arrangement." In this connection, H. W. Hale, the assistant superintendent of the appellant company, testified that the shipments of the Phillips Petroleum Company could be handled at Henryetta, which would be a very satisfactory manner for handling the business as far as said company was concerned. It was further shown that the Phillips Petroleum Company was notified of the application to discontinue the regular agent at the Bryant Station and did not elect to file a protest. The record further discloses that no representative of said company appeared before the commission as a witness to testify as to any possible inconvenience which might result from the transaction of its business at Henryetta. It therefore appears that the finding of the commission in this regard is not sustained by the evidence.

After eliminating the business of the Phillips Petroleum Company at the Bryant Station, it appears that the total revenues to which said station is entitled to credit for the 15-month period hereinabove mentioned amounted to $523.50, while the station expenses for said period were $1,498.35.

A problem similar in many respects to that now before the court was presented in the case of Kurn v. State, 175 Okla. 379, 52 P. (2d) 841. The legal principles applicable to this controversy were therein stated as follows:

"The prima facie presumption of the reasonableness, justness and correctness of an order of the Corporation Commission obtaining by reason of section 22, art. 9, of

the Constitution is subject to be overcome or rebutted by the facts in the record, as weighed and found by this court in reviewing the same.

"In the performance of an absolute duty by the railway company the question of expense is not to be considered, but where the duty sought to be enforced is one of additional convenience rather than necessity, the question of expense to the company and relative benefit to the public is the deciding factor and may not be disregarded.

"The facilities required to be furnished at any station need only be adequate to the requirements of said station and should be in a measure commensurate with the patronage and receipts from that portion of the public to whom the service is rendered. * * *

"It is not reasonable to require the maintenance of a full-time agency station when the cost of such service is out of proportion to the revenue derived from that portion of the traveling public, benefited thereby, especially where a substitute service may be provided which will afford the same essential service but is less convenient."

The patronizing public, as a rule, have no right to demand conveniences without just compensation to the party furnishing the same. Neither an individual nor corporation, as a rule, can be required to furnish conveniences without just compensation, or at a loss to itself. Chicago, R. I. & P. R. Co. v. State, 24 Okla. 370, 103 P. 617, 24 L. R. A. (N. S.) 393. In the case of In re Southern Pacific Company (N. M.) 16 P. (2d) 402, it was pointed out that the federal statutes require interstate carriers to operate their railroads efficiently and economically. The following language is found in the body of the opinion:

"It is perfectly natural that every community should aspire to the best railroad service to be had. We have full sympathy with such aspirations. Yet it is to be remembered that, under our system of public control of rates and service, the general public, speaking broadly, loses in cost what it gains in service. So the railroad, in resisting demands for any uneconomic service, really represents the true interest of the general public."

The record shows that the revenue derived from the operation of said station was slightly more than one-third of the expense of operation. The cost of furnishing the service demanded by the patrons of the railroad at Bryant is greatly out of proportion to the revenues received and imposes an improper burden upon the company.

Appellant is not seeking to avoid or escape the performance of an absolute duty. It does not seek to remove any of its facilities now provided at the Bryant station. The substitution of a merchant agent or caretaker for a full-time agent will result in slight inconvenience to the patrons at Bryant, but will furnish to said patrons such service as is commensurate with the revenues earned by said station.

The order of the Corporation Commission is reversed.

BAYLESS, V. C. J., and RILEY, BUSBY, WELCH, CORN, GIBSON, and HURST, JJ., concur. PHELPS, J., dissents.