LOWDEN et al. v. STATE.

*100 P. 2d 890.*

No. 29076.   March 12, 1940.

W. R. Bleakmore, Robert E. Lee, John Barry, and W. L. Farmer, all of Oklahoma City, for plaintiffs in error.

L. V. Reid, S. J. Gordon, and Sid White, all of Oklahoma City, for defendant in error.

OSBORN, J.   This cause originated before the Corporation Commission by the filing of an application by the trustees of the Chicago, Rock Island & Pacific Railway Company, hereinafter referred to as appellant company, wherein it was sought to obtain permission to discontinue the maintenance of a regular station agent at the company's station at Homestead, Okla., for a period of 10 months out of each, year and to substitute during said months a caretaker. On August 12, 1938, after a hearing, the commission entered its findings of fact and denied the application.

Homestead is an agricultural community located in the northern part of Blaine county having a population of approximately 250 persons. Its business establishments consist of a grocery store, a general store, a lumber yard, a filling station, two grain elevators and a post office. It is served by a branch line of the appellant company known as its "Northern Branch" which extends from Alva to Geary, a distance of approximately 90 miles. The only railroad service over this line is a tri-weekly local freight train which operates southward one day and northward the next, excluding Sunday. Passengers, if any, are carried in the caboose of this local freight train.

The transportation of wheat accounts for the major portion of appellant's revenues at Homestead. The major portion of such business occurs during the months of June and July of each year. The June and July revenues in 1937 amounted to 83.07 per cent. of the gross revenues for that year and in 1936 amounted to 55 per cent. thereof.

Appellant proposes to maintain a regular station agent at Homestead during the seasonal wheat movements of each year and to substitute a caretaker in lieu of their now regular station agent during the remainder of the year. The caretaker would be available every day during business hours, would keep the station open, heat it when necessary, place incoming LCL shipments in the freight room and make delivery to the consignee, receive outgoing LCL shipments and place them in the freight room for pickup by the train crew. The substitution of a caretaker would require passengers to pay their fare to the conductor, would require that inbound freight be prepaid and outbound freight to be sent collect and that bills of lading be issued by and the cars ordered through the nearest open station. Freight and passenger tariffs would not be available. The nearest open stations are Okeene, 5.6 miles to the south, and Cleo Springs, 19.2 miles to the north. It was proposed to pay the caretaker approximately $25 per month, which would result in a saving to appellant company during the 10 months' employment of each year of approximately $1,100.

The evidence introduced before the commission disclosed that for 1936 the net revenue accruing to the company by virtue of the business transacted at the Homestead station was $2,067.53. The net revenue for 1937 was $2,440.15. In presenting the matter to the Corporation Commission the revenues for June and July of each year were segregated in its Exhibit 3. This shows that after excluding the revenues obtained in those two months in the year 1936, and after deducting the operating expense for the remaining 10 months, the net revenue of the company for the 10 months was $326.17. By segregating the revenues and expenses for the 10 months of 1937, it was found that for those 10 months there was a net loss to the company of $659.69.

Questions closely related to the question involved herein were considered by this court in the cases of Kurn v. State, 175 Okla. 379, 52 P. 2d 841; Kurn v. State, 179 Okla. 440, 66 P. 2d 52; Lowden v. State, 182 Okla. 549, 78 P. 2d 1059. The applicable principles of law were announced in those cases and will not be reiterated here. In the instant case, as in the cases cited, the appellant is not seeking to avoid or escape the performance of an absolute duty. It does not seek to remove any of its facilities now provided at the Homestead station. The question of expense to the company and benefit to the public is the deciding factor and may not be disregarded. The facilities to be furnished need only be adequate to the requirements of the station and commensurate with the patronage and receipts from that portion of the public to whom the service is rendered.

In view of the volume of business and receipts of the company at Homestead station for that period of the year for which it is sought to substitute a caretaker in lieu of the regular station agent, we are of the opinion that the order of the commission is unreasonable and must be reversed.

The order of the commission is reversed, with directions to enter an order in conformity with the views herein expressed.

BAYLESS, C. J., and GIBSON, HURST, and DANNER, JJ., concur.