LOWDEN et al., Trustees of Estate of CHICAGO, R. I. & P. R. CO., v. STATE.

No. 29324. Oct. 22, 1940.

*106 P. 2d 801.*

W. R. Bleakmore, Robert E. Lee, John Barry, and W. L. Farmer, all of Oklahoma City, for plaintiff in error.

L. V. Reid, S. J. Gordon, and Ed White, all of Oklahoma City, for defendant in error.

BAYLESS, C. J. February 7, 1936, receivers for Chicago, Rock Island & Pacific Railway Company filed an application with the Corporation Commission for authority to discontinue their regular full-time station agent at Faxon, Okla., and to substitute for the services rendered by such agent a caretaker's service at a greatly reduced cost to them. For some reason the hearing on this application and the protest thereto was continued from time to time. September 24, 1936, a supplemental application was filed. September 6, 1938, a second supplemental application was filed; and on October 18, 1938, after notice, this matter came on for hearing on all of these matters. Generally, the basis for the applications is: That the business of the railroad at this station is seasonal, nearly 85 per cent. of the yearly total arising from the shipment of wheat in the months of June and July; and the quantity of business and the revenue therefrom during the other ten months of the year does not justify the services of a full-time agent.

Upon the showing made at the hearing, the Corporation Commission made

an order on December 31, 1938, denying the application, and the receivers have appealed.

The receivers introduced in evidence detailed statements of the quantity of freight moving into and out of Faxon during the period beginning with the month of July, 1936, and ending with July, 1938, and the showing thus made reasonably tends to support the application.

At this point it is well to observe that the parties are not differing over the law applicable to situations of this kind as announced by this court, and each side cites and discusses Kurn v. State, 175 Okla. 379, 52 P. 2d 841; Kurn v. State, 179 Okla. 440, 66 P. 2d 52; and Lowden v. State, 182 Okla. 549, 78 P. 2d 1059; as well as decisions of courts of other states. We think that each side recognizes that the facilities to be furnished at a particular station must be justified on the basis of reasonable need and public convenience, as well as on the basis of revenue. We think the real point of difference between them is the reasonableness of the order in the light of all of the facts brought to the attention of the Corporation Commission.

By the provisions of section 22, art. 9, Const. of Oklahoma, it is provided that on appeal from the Corporation Commission to this court "the action of the commission appealed from shall be regarded as prima facie just, reasonable, and correct. * * *" We said in an opinion regarding this admonition, In re Intrastate Express Rates, 40 Okla. 237, 138 P. 382:

"The rule is the prima facie presumption that the order is just, reasonable, and correct by force of section 22, art. 9 (this section) * * * of the Constitution of this state, is a presumption arising upon the finding of the commission; that the order based upon the facts in the record is presumed, upon appeal in this court, to be prima facie just, reasonable, and correct, subject to be rebutted or overcome by the facts in the record as found and weighed by this court on review. * * * If there is any evidence reasonably tending to support the order, then the burden is upon the appellants to show by evidence in the record so strong and conclusive as to overcome all presumptions in its favor that the same is unreasonable and unjust. Unless they meet that burden in this legislative review, the order of the commission must be affirmed."

The protestants offered evidence wherein it appeared that as a matter of civic pride and to preserve and maintain the full facilities of the railway company the citizens of the community had undertaken to increase the business of the railway company at that point, and that, whereas, in 1936 and 1937, all cotton ginned at Faxon had been shipped by truck, in 1938, all cotton was being shipped by rail, and that at the date of the hearing 403 bales of cotton had been shipped by rail, and this was roughly half of the expected shipments. The testimony showed that such shipments begin in September and last into the month of December of each year. There was also some testimony of inconvenience.

Our opinion in Lowden, etc., v. State, 186 Okla. 654, 100 P. 2d 890, is a reasonably analogous case. In our decision in that case it was decided that it is reasonable to require the maintenance of a full-time agent only for the season that the need therefor and the business and revenue require and justify.

In this case the evidence of the parties did not cover the same period of time. The protestants introduced evidence covering a period of time subsequent to the showing of the applicant. Actually, the evidence tends to establish a period of six to seven months when the movement of the wheat and cotton crops require and justify the maintenance of a full-time agent, and that during the other months a substitute service would be adequate.

Upon consideration of this matter, we are of the opinion the order should be vacated, with directions to enter an order in conformity with the views expressed herein.

WELCH, OSBORN, GIBSON, DAVISON, and NEFF, JJ., concur. RILEY, CORN, and HURST, JJ., absent.