ATCHISON, TOPEKA & SANTA FE RY. CO. v. STATE et al.

No. 30326.   Dec. 2, 1941.

*119 P. 2d 840.*

Rainey, Flynn, Green & Anderson, of Oklahoma City, for plaintiff in error.

L. V. Reid, Floyd Green, and Ed White, for defendants in error.

CORN, V. C. J.   This is an appeal from an order rendered by the Corporation Commission. The matter originated by the filing of an application by the Atchison, Topeka & Santa Fe Railway Company, appellant, wherein the railroad sought to discontinue the regular, full-time station attendant at the railroad's station in Noble, Okla. February 14, 1941, after a hearing on the matter, the Corporation Commission entered its order denying said application.

The evidence revealed that Noble has a population of slightly more than 500 persons, and is located in an agricultural community, six miles south of Norman, Okla., and nine miles north of Purcell, Okla. It is located on a paved road, National Highway 77, the principal arterial north and south highway, and is served by appellant's main line, running north and south. There are approximately 25 business establishments in the town.

The application for discontinuance was based upon the claim the railroad's revenues from business transacted at the station were insufficient to warrant a full-time agent there, and at the hearing on the application it appeared appellant proposed to substitute a caretaker, or part-time employee, for the regular station attendant, who would be available during business hours, keep the station open when necessary, handle incoming freight and deliver it to the consignee, receive outgoing freight and place it in the freight room, where same would be picked up by the train crew. Under this arrangement passengers would be required to pay their fares to the conductor. Inbound freight

would have to be prepaid, and outbound freight would have to be sent collect. Bills of lading and cars for shipping would have to be ordered from the near-by open stations at Norman or Purcell.

The evidence introduced before the Corporation Commission showed that during the period between July 1, 1939, and July 1, 1940, the earnings from the Noble station were $1,269.65, whereas the expenses for the same period, under a full-time attendant, amounted to $1,679.88, or a loss of $410.13.

The evidence further showed that interested persons all favored a full-time agent, because of the convenience thereby provided, but the evidence likewise showed that the majority of freight handled in the community was hauled by truck, and that there was little or no likelihood of business increasing, although there was some testimony regarding the possibility of some building and highway improvement in the vicinity.

The Corporation Commission found that: caretaker service would not provide satisfactory accommodations, but would be inferior to services performed by a regular agent, and would be grossly inadequate and unsatisfactory; although appellant suffered slight loss during the period covered by the testimony, caretaker service would be wholly unsatisfactory, while regular agent service would be adequate and commensurate with the patronage and receipts of the station, and was necessary to performance of the required services. The Corporation Commission thereupon denied the application, clearly upon the theory that the substitution would not furnish such facilities and conveniences as were reasonable, just, and adequate, or commensurate with the railroad's patronage and receipts at Noble.

Questions closely related to the matter herein presented have been considered by this court in a number of recent decisions, to wit: Kurn et al. v. State, 175 Okla. 379, 52 P. 2d 841; Kurn et al. v. State, 179 Okla. 440, 66 P. 2d 52; Lowden et al. v. State, 182 Okla. 549, 78 P. 2d 1059; Lowden et al. v. State, 186 Okla. 654, 100 P. 2d 890; Lowden et al. v. State, 189 Okla. 491, 118 P. 2d 238.

As pointed out in Lowden et al. v. State, 186 Okla. 654, 100 P. 2d 890, the appellant herein does not seek to escape the performance of an absolute duty, and does not seek to remove its facilities entirely from Noble, Okla. As we held in the cited cases, in instances such as this, the question of expense to the company and benefit to the public is the deciding factor, and may not be disregarded. "The facilities to be furnished need only be adequate to the requirements of the station and commensurate with the patronage and receipts from that portion of the public to whom service is rendered."

By reason of the fact that the facilities to be furnished by the appellant under the caretaker system will be adequate to meet the requirements of the patronage and commensurate with the receipts received from those to whom service is rendered, the order of the Corporation Commission is reversed, with directions to enter an order in conformity with the views herein expressed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY and HURST, JJ., absent.