ST. LOUIS-SAN FRANCISCO R. CO. v. STATE.

No. 31632. Jan. 16, 1945.

*155 P. 2d 718.*

E. G. Nahler, of St. Louis, Mo., and W. T. Stratton and Cruce, Satterfield & Grigsby, all of Oklahoma City, for appellant.

Floyd Green and L. V. Reid, both of Oklahoma City, for appellee.

PER CURIAM. This is an appeal by St. Louis-San Francisco Railway Company, hereinafter referred to as appel-

lant, from an order made and entered by the Corporation Commission on April 19, 1943, requiring maintenance of station agent service at Bennington, Okla. The record discloses that Bennington is located on the line of the appellant which traverses Bryan county and is situate 10.3 miles west of Boswell and 6.4 miles east of Bochito, which are agency stations of the appellant; that the town has a population of approximately 500 and has some 14 business establishments consisting of stores, garages, filling stations and a gin; that the town is located on U.S. Highway No. 70 and is served by the Jordan Bus Line, which operates four buses each way every day, and is also served by the Northeastern Texas Truck Lines, which furnishes daily trucking service to and from the town; that the appellant has operated one passenger train each way daily through the town for a number of years; that appellant had expressed its intention to discontinue station agency service at said point after the 5th of February, 1943, and that this information had been communicated to the Corporation Commission, who thereupon entered an order on February 3, 1943, directing the continuance of the agency until a hearing could be had, which was set for February 18, 1943. At the hearing so ordered, the appellant, without any pleading, appeared and offered evidence which disclosed, substantially, that for 13 months immediately preceding the order of February 3, 1943, the total revenue from all sources at the station involved amounted to $2,520.32, and the total expenses during said period had amounted to $1,737.93; that $1,313.59 of the revenue during said period was attributable to carload business at said station, and that said business could be handled without the necessity of maintaining an agent at said point, and that it was necessary to deduct 50% from the total revenue inasmuch as the destination stations and other lines were entitled to a percentage of the revenue, and that when so considered the maintenance of the agency at the station involved resulted in a substantial loss with the corresponding advantage to the patrons of the station. The evidence in opposition to the proposed action consisted of the testimony of four residents of the town, only one of whom was a shipper, and who testified that for the sake of convenience he did most of his shipping by truck. The testimony of the witnesses appeared to be, for the most part, that the discontinuance of the station agency service would result in some added inconvenience to patrons of the railway, but would be chiefly objectionable for the reason that it would depreciate the value of real estate in the town, and that the maintenance of the agency was based more upon a matter of civic pride than any particular necessity therefor. At the conclusion of the evidence so introduced, the Corporation Commission required the appellant to prepare and file statement of receipts and expenses at the station involved for the years 1938 to 1942, inclusive, which was done over the protest of appellant. Based upon the evidence so adduced and the exhibits prepared for the five-year period mentioned, the commission was of the opinion that in view of the record which the appellant had furnished showing that during the five years involved after applying the 50% rule the appellant had enjoyed twice as much revenue at the station involved as it had been required to spend in the maintenance thereof, and denied the appellant permission to discontinue its agency service at said point.

The assignments of error may be summarized as follows: The order appealed from is not sustained by the evidence, is unreasonable, unjust and contrary to law and deprives appellant of its property without due process of law.

The evidence of appellant was uncontradicted with respect to the fact that the maintenance of the station agency service at the point involved for the preceding 13 months had been at a loss when the 50% rule was applied, and that the maintenance of such agency was not required in performance of any absolute duty of the appellant in the operation of its railroad, but was rather one of additional convenience. Appel-

lant urges that under these circumstances the rule relative to the facilities to be furnished by it is that it be adequate to the requirements of the station and in a measure commensurate with patronage and receipts from that portion of the public to whom the service is rendered. In support of the contention so made appellant directs our attention to Atchison, T. & S. F. R. Co. v. State, 190 Okla. 18, 119 P. 2d 840; Lowden v. State, 189 Okla. 491, 118 P. 2d 238; Atchison, T. & S. F. R. Co. v. State, 189 Okla. 485, 118 P. 2d 202; Lowden v. State, 186 Okla. 654, 100 P. 2d 890; Kurn v. State, 179 Okla. 440, 66 P. 2d 52, and a number of other cases, both from this and other jurisdictions, which are authority for the proposition that the performance of an absolute duty by the railroad company does not involve the question of expense, but where the duty sought to be imposed is one of additional convenience rather than necessity, the question of expense and of corresponding benefits to the public is the deciding factor and may not be disregarded.

An analysis of the evidence discloses that during the 13-month period immediately prior to the order of February 3, 1943, the total receipts of the station involved were $2,520.32, and that the larger portion of this was derived from carload business, and that by dividing in half the revenue derived from all freight received and forwarded, both carload and less than carload, and adding thereto the total revenue from all other sources, that the earnings properly allocated to the station for the 13-month period were $1,596.25 as against an operating expense of $1,737.93. The evidence further shows that discontinuance of the station agency service at the point involved will not result in any serious inconvenience to the passengers or its shippers from that point. Kurn v. State, 179 Okla. 440, 66 P. 2d 52.

Under the evidence the order imposes a burden upon the appellant which it should not be required to bear, therefore said order is reversed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.