CHICAGO, ROCK ISLAND & PACIFIC R. CO. et al. v. STATE et al.

No. 34572.   Nov. 28, 1950.

Rehearing Denied Dec. 19, 1950.

*225 P. 2d 363.*

James D. Gibson and Chas. P. Gotwals, both of Muskogee, and Joe H. Reily, of Shawnee, for plaintiff in error Oklahoma City - Ada - Atoka Railway Company.

Savage, Gibson, Benefield & Hart, of Oklahoma City, for plaintiff in error Chicago, Rock Island & Pacific Railroad Company.

Randall Pittman, City Atty., and Shelton Skinner, County Atty., both of Shawnee, for defendants in error Citizens of the City of Shawnee, Oklahoma, and Board of County Commissioners of Pottawatomie County, Oklahoma.

O'NEAL, J. This is an appeal from an order of the Corporation Commission of the State of Oklahoma directing the Chicago, Rock Island & Pacific Railroad Company to establish and maintain a grade crossing across its tracks on Kickapoo street in the city of Shawnee, and directing the Oklahoma City-Ada-Atoka Railway Company to construct and maintain an overhead crossing over its railroad tracks and right of way on said Kickapoo street, one-half the cost to be borne by the Oklahoma City-Ada-Atoka Railway Company and the other one-half to be borne by the city of Shawnee.

On March 3, 1948, certain citizens of the city of Shawnee and the board of county commissioners of Pottawatomie county filed an application with the Corporation Commission against the Chicago, Rock Island & Pacific Railroad Company seeking an order directing and commanding said railroad company to establish and maintain a grade crossing over the right of way and tracks of said railroad company at Kickapoo street in the city of Shawnee.

June 29, 1948, the same applicants filed an amended application in said case in which they joined the Oklahoma City-Ada-Atoka Railway Company, with the additional prayer that an overhead pass be constructed over and across the tracks of the Oklahoma City-Ada-Atoka Railway Company on Kickapoo street, in said city on an extension of Kickapoo street south from the proposed grade crossing across the right of way and tracks of the Chicago, Rock Island & Pacific Railroad Company.

Hearing was had before the commission September 9, 1948, and January 11, 1949. December 8, 1949, the Corporation Commission entered an order granting the application, and ordering that Kickapoo street be opened over and across the right of way of the. Chicago, Rock Island & Pacific Railroad Company and that an overpass be constructed across and over the right of way of the Oklahoma City-Ada-Atoka Railway Company; the cost of the latter to be borne, one-half by the Oklahoma City-Ada-Atoka Railway Company, and the other one-half by the city of Shawnee. From said order the Chicago, Rock Island & Pacific Railroad Company and the Oklahoma City-Ada-Atoka Railway Company appeal.

There are seven assignments of alleged error, but those presented and relied upon all go to the same principal question. The contention is that the findings and order of the Corporation Commission are contrary to law and contrary to the evidence; are not reasonably supported by any competent evidence and are in disregard of the evidence; that said findings and order are excessive and burdensome on respondents, and each of them; that said findings are not based upon, nor do they contribute, to public convenience and necessity as disclosed by the record, and that said findings and order deprive respondents and each of them of their property without due process of law.

The fourth assignment is that the Corporation Commission did not have jurisdiction over said cause and the subject-matter therein determined. But that assignment is not presented in the briefs and will be treated as bandoned.

Kickapoo street runs north and south through the western part of the city of Shawnee. It is a section line and at one time it was the west boundary of the city of Shawnee, and is 66 feet in width. The right of way and tracks of the Chicago, Rock Island & Pacific Railroad Company run slightly northwest and southeast through the city of Shawnee and where it crosses Kickapoo street is about 1,025 feet wide and has ten tracks extending across Kickapoo street. The right of way of the Oklahoma City-Ada-Atoka Railway Company is immediately south of the right of way of the Chicago, Rock Island & Pacific Railroad Company, and where it crosses Kickapoo street it runs parallel with the right of way of the Chicago, Rock Island & Pacific, and at that point it is 100 feet wide and has a single track, and where it crosses Kickapoo street it runs through a cut about twelve feet in depth.

Kickapoo street was closed at the north line of the right of way of the Chicago, Rock Island & Pacific Railroad Company about 1902 when the railroad company constructed its shops in Shawnee.

Kickapoo street intersects U. S. Highway 270 at the northern edge of the city at the northeast corner of the grounds of the Baptist University about two miles north of the business section of the City. U. S. Highway 270 is an east and west highway and runs south on Kickapoo street from its intersection therewith to Highland street, about four blocks north of the Chicago, Rock Island & Pacific Railroad Company right of way. There it turns east through the city toward Seminole bypassing to the north the business district of the city. State Highway No. 18, running from Chandler, Meeker, and other points north of Shawnee south through the city of Shawnee to Tecumseh, Pearson, Asher, Stratford, Sulphur, and other points south, enters the city of Shawnee at or near the northeast corner of the city, runs south about 20 blocks where it intersects Highland street (U.S. Highway 270) and it turns west and runs west for nine or ten blocks to Beard street where it turns south on Beard street through the main business district of the city and on south across the North Canadian river to Tecumseh and on south. There is but one bridge across the river and it is located on Beard street. The greater part of the business district of the city of Shawnee is north of the Chicago, Rock Island & Pacific Railroad Company right of way and several blocks east of Kickapoo street. To the south of the Chicago, Rock Island & Pacific Railroad tracks and west of Kickapoo street is located what is known as Kickapoo addition, consisting of about six blocks, and immediately south of the Oklahoma City-Ada-Atoka tracks is Englewood addition, consisting of about 40 or 42 blocks. There is no crossing across the Chicago, Rock Island & Pacific tracks west of Beard street for about one mile, or on the west edge of the city. The senior high school, the junior high school, Woodland Park, the mu-

nicipal swimming pool, convention hall and auditorium, and St. Benedict's Parochial School are all located north of the Chicago, Rock Island & Pacific tracks. (Shortly before the hearing the high school building was destroyed by fire and high school is temporarily being conducted in rooms at the Baptist University.) There are crossings on Broadway and Bell streets running north and south, both east of Beard street.

All vehicular traffic from Kickapoo addition to the business section of the city and to the high school, junior high school, the park, library and municipal swimming pool, etc., must go south across the Oklahoma City-Ada-Atoka Railway tracks on an overpass two blocks west of Kickapoo street, thence east to Beard street, Broadway or Bell street, thence north across the Chicago, Rock Island & Pacific Railroad tracks. All such traffic from Englewood addition must go east as far as Beard street and then north across the railroad tracks to the business section. All the traffic on U. S. Highway 270 from the north and west through the city to the south toward Tecumseh and other points must come in on Kickapoo street down to Highland street, thence east on Highland street to Beard street (Highway No. 18) thence south through the business section across the river on Beard street.

All the through traffic on State Highway No. 18 from the north going south toward Tecumseh must come from the north down to Highland street, thence west to Beard street, thence on south through the business district and across the river on Beard street.

The through traffic on U. S. Highway No. 270 from the east, and bound south toward Tecumseh, must come in from the east on Highland street to Bell, Broadway, or Beard, then south across the railroad tracks, but must all eventually come into Beard on south across the river.

All this, together with the local traffic into and through the business section of the city, causes a great traffic congestion on Beard street in and through the business section of the city. That is shown by the uncontradicted evidence. Estimates by engineers show that the estimated cost of opening Kickapoo street across the Chicago, Rock Island & Pacific Railroad tracks is $16,834.13. The estimated cost of constructing the overpass on the Oklahoma City-Ada-Atoka right of way is approximately $26,000.

It is the contention of applicants that reopening Kickapoo street across the Chicago, Rock Island & Pacific tracks and across the Oklahoma City-Ada-Atoka tracks will be of great benefit to the residents of Kickapoo addition and Englewood addition, and also of benefit to the residents of the southwestern part of the county, in that it will give them a direct and shorter route into the business section of the city and enable them to avoid the congested traffic on Beard street and relieve a part of the traffic congestion on Beard street. It is the further contention of applicants that the opening of Kickapoo street across the railroad tracks, as proposed, would afford a truck route around the congested traffic on Beard street so that trucks hauling dynamite, nitroglycerin, butane and other inflammable explosives could bypass the congested district of the city and remove a highly dangerous hazard. The Corporation Commission so found and held.

The Corporation Commission found further:

"That the proposed opening of a crossing across the tracks and right-of-way of the Chicago-Rock Island and Pacific Railroad Company and the construction of an overpass across the tracks and right-of-way of the Oklahoma City, Ada and Atoka Railway Company, and the proposed opening of the said section line for the purpose of providing a truck line bepassing (sic)

traffic congestion of the business district of the City of Shawnee constitute a necessity for the safety of the people of said business district of Shawnee and a convenience to the citizens of Shawnee and to the traveling public."

Without going into detail as to the evidence, there is competent evidence reasonably tending to support the findings and order of the Corporation Commission.

There is the testimony of Jack Bell, a business man engaged in the retail lumber business, who lived in the city of Shawnee for 27 years and was well acquainted with the traffic conditions in the city; the testimony of Lloyd W. Cowan, a graduate engineer and city engineer of the city of Shawnee; the testimony of Dewey Holmes, one of the city commissioners of the city of Shawnee; the testimony of Orville Hunter, a resident of the city of Shawnee for 46 years, who lives between the tracks of the Chicago, Rock Island & Pacific and Oklahoma City-Ada-Atoka Railroad Company in Kickapoo addition; the testimony of R. E. Pritchard, another resident of Kickapoo addition; the testimony of John L. Goode, an attorney and mayor of the city of Shawnee. W. Kemp Walker, the railroad engineer of the Corporation Commission, recommended that the application be granted. He testified as follows:

"At an earlier hearing, in 1945, I appeared as a witness in an Application of the City of Shawnee to open Kickapoo Street across the tracks of the Rock Island Railroad. At that time, I recommended to the Cimmission (sic) that the Petition be denied for the reason that, in my opinion as an engineer, the opening of this street, as requested at that time, would not be of material benefit to the City of Shawnee and would only serve a small portion of the City, which is South and East (West) of Kickapoo Street and the Rock Island track. This—to open this street as requested at that time, would have practically made a dead-end street. The Petition as now before the Commission is to open Kickapoo Street from the North right-of-way line of the Rock Island tracks, to the South right-of-way line on the O.CA. & A., thereby making a through Street of Kickapoo from its north termini—North terminus—to the South terminus of the same. At present, in Shawnee, the bulk of all truck passenger and other vehicle traffic travels through a portion of the business district of Shawnee over Beard Street, which is Highway 18. By opening Kickapoo Street, this street can be designated as a truck route, thereby relieving Beard Street of all of the heavy truck traffic, principally Butane-Gasoline trucks. This traffic will be thrown over Kickapoo Street and therefore, will not have to traverse the business section of the City of Shawnee."

There was also evidence by a number of witnesses in opposition to the application, intended to show that reopening Kickapoo street on a grade crossing across the tracks of the Chicago, Rock Island & Pacific would create a hazard to the traveling public in the use of said crossing as great or greater than the traffic hazard sought to be relieved on Beard street, and also that it would create a hazard to the employees of the Railroad Company in the necessary operation of trains, switch engines, etc., on the railroad tracks across Kickapoo street.

In Yellow Transit Co. et al. v. State et al., 198 Okla. 229, 178 P. 2d 83, it is held:

"Under article IX, sec. 20, Constitution of Oklahoma, as amended by Senate Bill 61, S. L. 1941, p. 544, on appeal from the Corporation Commission this court is required to review the evidence, and must sustain the order appealed from if it is supported by substantial evidence."

And:

"Under constitutional provision requiring Supreme Court to determine whether findings and conclusions of Corporation Commission are sustained by substantial evidence, the term 'substantial evidence' means something more than a 'scintilla of evidence' and means evidence that possesses some-

thing of substance and of relevant consequence such as carries with it fitness to induce conviction, and is such evidence that reasonable men may fairly differ whether it establishes a case."

And further:

"The determination whether there is 'substantial evidence' to support an order made by Corporation Commission does not require that the evidence be weighed, but only that the evidence tending to support the order be considered to determine whether it implies a quality of proof which induces the conviction that the order was proper or furnishes a substantial basis of facts from which the issue tendered could be reasonably resolved."

Therein it is made clear that under the provisions of the Constitution, this court, on appeal from an order of the Corporation Commission, is required to review the evidence, not for the purpose of determining on which side the greater weight thereof may be, but only for the purpose of determining whether the order appealed from is supported by substantial evidence; that "substantial evidence," as there used, means something more than a "scintilla of evidence" and means "evidence that possesses something of substance and of relevant consequence such as carries with it fitness to induce conviction, and is such evidence that reasonable men may fairly differ whether it establishes a case." When there is such evidence reasonably tending to support the order of the commission, such order must be sustained. Therein the court cited Pannell et al. v. Farmers Union Co-Operative Gin et al., 192 Okla. 652, 138 P. 2d 817. Substantially the same rule was announced in Chicago, Rock Island & Pacific Railroad Co. v. Vogel, 195 Okla. 194, 156 P. 2d 620. There is an abundance of such evidence in the instant case.

The record shows that in 1945 a similar application was made to the Corporation Commission to open the crossing on Kickapoo street across the Chicago, Rock Island & Pacific Railroad

Company right of way and tracks, and, after hearing, the commission denied the application and its order became final. It is suggested that said order should be treated as a former adjudication of the same matter now before the commission. This suggestion is untenable for two reasons:

(1) The application, as amended, in the instant case is not the same application as that of 1945 in that in the 1945 proceedings a crossing only across the Chicago, Rock Island and Pacific Railroad Company right of way and tracks was involved. Had it been allowed it would have opened the crossing only to the south side of the Chicago, Rock Island and Pacific Railroad Company right of way and would have left no crossing to the south across the Oklahoma City-Ada-Atoka right of way and tracks, except an overpass two blocks to the west. That makes a vast difference between the two applications.

(2) The doctrine of res judicata is not recognized in proceedings of this character before the Corporation Commission. That was pointed out during the hearing by the Chairman of the Corporation Commission. No case is cited where it was held that an order of the Corporation Commission in the matter of regulation of street or railroad crossings is, or may be, res judicata.

The order of the Corporation Commission is affirmed.

DAVISON, C. J., and WELCH, CORN, HALLEY, and JOHNSON, JJ., concur.