**KANSAS, OKLAHOMA & GULF RAILWAY COMPANY, a corporation, Plaintiff in Error,**

v.

**STATE of Oklahoma, Corporation Commission of the State of Oklahoma, Defendants in Error.**

No. 35763.

Supreme Court of Oklahoma.

July 7, 1954.

Rehearing Denied Sept. 14, 1954.

R. M. Mountcastle, James D. Gibson, Muskogee, H. L. Smith, Tulsa, for plaintiff in error.

James G. Welch, L. D. Thomas, Jr., Montford Johnson, Oklahoma City, for Corporation Commission.

Harold Shoemake, Muskogee, for protestants.

WILLIAMS, Justice.

This case is here on appeal from an order of the Corporation Commission of Oklahoma, refusing permission and authority to appellant and denying it the right to discontinue operation of its passenger trains numbers 9 and 10 between Muskogee, Oklahoma, and the Oklahoma-Texas state line.

The factual situation herein is so similar to those in the recent cases of St. Louis-San Francisco Ry. Co. v. State, Okl., 262 P.2d 168, and St. Louis-San Francisco R. Co. v. State, 204 Okl. 432, 230 P.2d 709, and Missouri-Kansas-Texas R. Co. v. State, Okl., 266 P.2d 642, wherein we reversed the orders of the commission because not supported by substantial evidence reasonably tending to sustain such orders, that much of the language used in those opinions is applicable here.

It is further to be noted that the language of the charter and franchise of appellant here does not specifically require the furnishing of passenger service, whereas the language of the charter and franchise of appellant in the three cited cases specifically required the furnishing of passenger service.

It might further be noted that only one or two people travel over appellant's road daily. Also, while a small number of the children of one school district are using appellant's facilities temporarily, the school district plans to buy a bus for their use. We are unwilling to say that the convenience and occasional use by a few citizens of the communities through which appellant's line runs constitutes general public

necessity, when, as shown here, 97.7% of the affected population live on State or Federal Highways, and 95.8% of the affected population have inter-city bus service available, and approximately one person out of each four in the counties traversed by the affected portion of appellant's road owns a private automobile.

■ Under the provisions of the Constitution, this Court on appeal from an order of the Corporation Commission, is required to review the evidence for the purpose of determining whether the order appealed from is supported by substantial evidence, and when there is such evidence reasonably tending to support the order of the Commission, such order must be sustained; and, conversely, if the order is not so sustained the Commission's order will be reversed.

■ We have examined the record and find that the Commission's order denying appellant permission to discontinue its passenger trains numbers 9 and 10 on the ground that there existed a public necessity as distinguished from a public convenience for the continued passenger train service supplied by said trains is not supported by substantial evidence reasonably tending to sustain the order.

The order herein is reversed on the authority of the three cases, supra, and the cause is remanded with directions to enter an order granting the application.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN and O'NEAL, JJ., concur.

DAVISON, ARNOLD and BLACK-BIRD, JJ., dissent.

WELCH, Justice (concurring specially).

I concur herein, but only because this decision is predicated and based upon the rule adopted and applied by the majority of this court in three former cases: (1) St. Louis-San Francisco Ry. Co. v. State, 204 Okl. 432, 230 P.2d 709; (2) Same parties, Okl., 262 P.2d 168, and (3) Missouri-Kansas-Texas R. Co. v. State, Okl., 266 P.2d 642.

I am in fundamental disagreement with the rule as adopted and applied in all these cases, for the reasons stated in my dissenting opinion in the first case above cited. But so long as that rule exists and is preserved it is binding on all and should be applied to all alike. There is no fundamental difference between this case and the other three.

It is quite important that we have even, unvaried and equal administration of justice, equitable and fair to all parties. We should overrule the controlling rule of these three former decisions, or until we do so we should apply it fairly to all cases where the facts are substantially the same. There is no substantial difference here as to the character of the line, the character of service, or as to the public demand for, and public use of, the service. If the rule is sound that the "Frisco" and the "Katy" have the right to, and may, discontinue the passenger service involved in those three former cases, then the "K. O. & G." in fairness must be given the same right here.

DAVISON, Justice (dissenting).

I am unable to agree with the majority opinion. I am of the view that the evidence presented by the protestants substantially supported the finding that public convenience and necessity existed. This court is committed to the rule that when there is such evidence reasonably tending to support the order of the Commission, such order must be sustained. Chicago, R. I. & P. R. Co. v. State, 203 Okl. 659, 225 P.2d 363.

The majority opinion reverses the order of the Commission on authority of the cases of St. Louis-San Francisco Ry. Co. v. State, Okl., 262 P.2d 168, and St. Louis-San Francisco R. Co. v. State, 204 Okl. 432, 230 P.2d 709, and Missouri-Kansas-Texas R. Co. v. State, Okl., 266 P.2d 642.

In my opinion these cases are not controlling because of the different factual situations in those cases from the facts in the present case. The first case cited in the above paragraph involved the discontinuance of passenger service between Hugo and Ardmore. It is pointed out first in that case that [262 P.2d 169] "if allowed to discontinue these trains that the towns will be served by mixed trains." That case also pointed out that the Frisco right-of-way

between Hugo and Ardmore is paralleled by U. S. Highway 70 over which the Jordan Bus Company operated 11 bus schedules daily. The opinion further pointed out that the highway and railroad tracks were less than a mile apart in any one point for 80 percent of the entire distance and that the farthest distance between the highway and railroad at any place along the lines was less than five miles. That opinion further stated that only four communities, having a population of only 170, are not situated directly on a Federal, State or all-weather highway and that 99.59 percent of the population of the communities served by the line lived in communities situated on such a highway.

The case of Missouri-Kansas-Texas R. Co. v. State, supra, was a very short opinion in which was stated that the evidence was substantially the same as in the case of St. Louis-San Francisco R. Co. v. State, supra.

The case of St. Louis-San Francisco Ry. Co. v. State, 204 Okl. 432, 230 P.2d 709, 712, stated that:

"The territory through which the Enid line passes is criss-crossed by state and federal highways as well as improved country roads serving practically every community served by the trains. The line from Arapaho south to the state line (a distance of about 100 miles) is paralleled by U. S. Highway 183. There are four daily bus schedules operating along highway 183 between Clinton and said state line (a distance of approximately 95 miles). Between Enid and Vernon, Texas (the terminus of said line) there are six daily bus schedules over alternate routes. Of the population in the communities served by the Enid line 98 percent live in communities situated on a state or federal highway and 94.29 percent thereof have available intercity bus service.

It was also stated in said case that mixed train service would be substituted for the passenger service.

In the case now under discussion we find a number of reasons to uphold the Com-

mission's order that were not prevalent in the above cases, or at least not to the same extent.

In the present case, we find first that no substitute service was offered. In the case now before us, we find that the towns of Wainwright, Hitchita, Hoffman, Clarita, Kenefick and Hendrix would be entirely without public transportation. This situation is true of a number of communities and rural districts such as Council Hill and Bloomfield. A number of witnesses testified for protestants, some to the effect that their business would be hurt by the discontinuance of passenger service, others testified about the hardships which would be caused certain rural school children who ride the trains daily to school. Also a number of petitions, signed by numerous persons, were sent to the Commission stating the necessity of retaining the passenger service due to poor dirt roads over a portion of the route, the right to have their cream and perishable foodstuff handled with dispatch and the inconvenience it would cause many in getting medical care and medicine. We find in the present case much less bus facilities and much poorer roads and fewer year-around transportation services than in the three cases relied on by the majority opinion.

It will also be noted that the passenger service consisted of only a motor with a baggage compartment and a few passenger seats being a part thereof. This could be operated much cheaper than an ordinary passenger train.

The majority opinion points out that, as shown by an exhibit introduced in evidence by the railroad company that 97.7% of the affected population have intercity bus service available and that one person out of each four in the counties traversed owns a private automobile. The opinion does not point out, however, that out of the 63,117 people living on the line that 55,786 of this number live in three cities; namely, Muskogee, Henryetta and Durant. The Corporation Commission would and should take judicial knowledge that the people in these three cities have all sorts of more than adequate transportation. It is the balance of the people who need this

passenger service. The Commission could also take notice of the fact that many farmers living in the rural communities have an interest in passenger service even though they do not live directly adjacent to the railroad tracks.

It is to be noted that there is no evidence in the record concerning the overall profit or loss of the railroad considering both freight and passenger service on this branch line; further, that the Railroad made no offer of a substitute service which would have enabled it to cut its expenses and still meet the admittedly decreased public needs.

I think the Corporation Commission, under the facts in the present case, was justified in finding that there was substantial evidence to support the order.

I, therefore, respectfully dissent.

I am authorized to state that Mr. Justice ARNOLD and Mr. Justice BLACKBIRD concur in the dissenting views herein.