**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. 37805.

Supreme Court of Oklahoma.

Dec. 17, 1957.

Wayne R. Howell, St. Louis, Mo., Dan M. Welch, Denison, Tex., for appellant.

James G. Welch, Gen. Counsel, Oklahoma City, William L. Anderson, Asst. Gen. Counsel, Norman, T. Earl Curb, Asst. Gen. Counsel, Corp. Commission, Oklahoma City, for appellee.

JOHNSON, Justice.

This case is here on appeal from an order of the Corporation Commission of Oklahoma refusing permission and authority to appellant, and denying it the right to discontinue operation in Oklahoma of its passenger trains Nos. 25 and 26, now operating between Oklahoma City and Parsons, Kansas.

The factual situation herein is substantially the same as in Missouri-Kansas-Texas Ry. Co. v. State, Okl., 266 P.2d 642, 643, wherein we said:

> "The factual situation herein is substantially the same as in the recent case of St. Louis-San Francisco Ry. Co. v. State, Okl., 262 P.2d 168, where-

in we reversed the order of the Commission because not supported by substantial evidence reasonably tending to sustain the order. The order is hereby reversed on the authority of that case and the syllabus of that case is adopted as the syllabus of this case, and the cause is remanded with directions to enter an order granting the application upon the terms sought."

The above cited Frisco case was followed in the later cases of Kansas, Oklahoma & Gulf Ry. Co. v. State, Okl., 275 P.2d 274, and St. Louis-San Francisco Ry. Co. v. State, Okl., 301 P.2d 228.

In the Frisco case last cited, on pages 231 and 232 we said:

"Without stating further the factual situation, it is sufficient for us to say that the facts in this case are substantially the same as established in St. Louis-San Francisco Ry. Co. v. State, Okl., 262 P.2d 168, 172. Therein we said: 'Under the factual situation in the instant case our decision herein is in line with our holding in the last named case (Frisco Case) and in accord with the modern trend of opinion, or philosophy that passenger trains are operated primarily for the carriage of passengers and if the public abandons the trains for passenger travel, there is no duty or obligation to continue their operation at a substantial loss; and in a proceeding to discontinue certain trains, the revenue, expenses and losses shown in the operation of a train have a direct bearing upon whether or not public convenience and necessity require the continued operation of any particular train.'

"This case was followed in the later cases of Missouri-Kansas-Texas R. Co. v. State, Okl., 266 P.2d 642, and Kansas, Oklahoma & Gulf Ry. Co. v. State, Okl., 275 P.2d 274, wherein we reversed the order of the Commission because not supported by substantial evidence.

"The order herein is reversed on authority of that case, and the syllabus of that case, St. Louis-San Francisco Ry. Co. v. State, Okl., 262 P.2d 168, is adopted as the syllabus of this case, and the cause is remanded with directions to enter an order granting the application upon the terms sought."

 The passenger trains in question were admittedly operated at a substantial loss because the public no longer patronized them, and on the authority of the above cited cases, and the record, we reverse the order of the Commission because not supported by substantial evidence and remand the case with directions to grant the application to discontinue the operation of the trains, upon the terms sought; and adopt the syllabus of the Frisco case, supra, as the syllabus herein.

CORN, V. C. J., and HALLEY, WILLIAMS, JACKSON, and CARLILE, JJ., concur.