**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. 43795.

Supreme Court of Oklahoma.

July 6, 1971.

John E. McCullough, St. Louis, Mo., Franklin, Harmon & Satterfield, Oklahoma City, for appellant.

Jack A. Swidensky, Gen. Counsel, Oklahoma Corp. Comm., Oklahoma City, for appellee.

HODGES, Justice.

Proceedings before Corporation Commission by St. Louis-San Francisco Railway Company to discontinue agency station for ten months of the year at Davidson, Oklahoma, excepting May and June, the wheat season months. Referee and Commission denied the application and Railroad appeals. Reversed.

Railroad filed its application to discontinue service, gave notice and protests were filed. The matter was assigned to a referee who heard evidence and made findings denying the application. The Commission after oral argument upheld the findings of the referee and denied Railroad's application. The referee in his findings, found that the total income from the station for 1967–1968 was $51,770.00, with out of pocket expenses of $16,502.00, or a net income of $35,278.00, approximately $17,629.00 per year, and that it is a necessity to keep station open during the months of May and June each year, with the remaining ten months of the year a matter of convenience.

Evidence introduced before the referee showed that the Town of Davidson, with a population of 450, is located 11 miles from Frederick, and is a community that relies primarily on raising wheat and cotton. Wheat is shipped during the months of May and June by railroad. Cotton is trucked to either Frederick or Altus to a compress where it is there shipped by rail. The Railroad pays part of the trucking

costs of the cotton. Cotton is shipped after the months of May and June. The two months of May and June accounted for in excess of 95% of the total earnings of the Railroad for shipments from Davidson. The Railroad handles only full carload shipments at agency station in Davidson. It does not provide passenger service or shipments that are less than a carload.

Under a new computer system, billing, accounting and car orders are handled at a central location for small towns with greater speed than before. There is less work for the station agent to perform under this new system and most of it is done by telephone. Excluding the months of May and June during the two year period of 1967–1968 the station agent prepared only 14 shipping documents, which required only 257 minutes or four hours and 17 minutes during a twenty month period. Preparation of shipping documents is the primary if not the only significant service that the agent performs for the public at Davidson. Davidson is on the same telephone exchange as Frederick and there is no toll charge for calls to Frederick. Davidson and Frederick are linked by a paved all weather highway.

It was shown that exclusive of May and June there were only thirteen (13) carload shipments in 1967 and one (1) in 1968. The Railroad revenues during the non wheat months of 1967 and 1968 were $1598.00 and out of pocket expenses were $13,605.87.

Railroad maintains that the income from the months of May and June have no bearing upon the matter as service will be continued during these months. Commission replies that the Railroad is a public utility with a duty to the public and as such cannot choose to provide service during the months it makes a profit and discontinue service during the months it makes little or no profit.

■ For the ten month period involved we are dealing with a service that was found by the referee to be convenience and not a necessity. One of the elements in determining the merit of discontinuing a service that is a convenience is whether the Railroad is realizing a reasonable profit upon this service. It is not the only element. Certainly the convenience of the public is vital and should be protected in the case of a public utility. The test is the reasonableness of the cost factors weighed against the public benefit involved. Lowden v. State, 189 Okl. 491, 118 P.2d 238 (1941).

■ In the instant case the question involved is not the discontinuation of carloading service to Davidson, but the convenience of procuring such service. The evidence shows that the carloading service may be procured from Frederick by telephone at no extra cost, that billing, accounting and car order is now handled by centralized computer service for outgoing cars and the request for incoming cars is not a consideration as there has been none in a two year period and possibly for a ten year period. Further, that during the ten month period outside wheat months of 1968 there was only one car order. The inconvenience of discontinuation of the service during the ten month a year period is slight if in fact any exist. The loss sustained by the railroad in money and lost man hours is disproportionately greater than the inconvenience of the public.

In reversing the order of the Commission we are cognizant of the argument of the Commission concerning discontinuation of any service by a railroad during periods of low profits or losses. However, as above pointed out, this is only one of the elements and the convenience of the public will be carefully weighed in each case against the low profits or losses of the Railroad. Reversed.

DAVISON, V. C. J., and WILLIAMS, IRWIN, LAVENDER and McINERNEY, JJ., concur.