**MISSOURI PACIFIC RAILROAD COM-PANY, a corporation, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. 49429.

Supreme Court of Oklahoma.

April 26, 1977.

Dyer, Powers, Marsh, Turner & Powers, Tulsa, for appellant.

Jack P. Fite, Asst. Gen. Counsel, Oklahoma Corporation Commission, Oklahoma City, for appellee.

HODGES, Chief Justice.

This is an appeal from an order of the Oklahoma Corporation Commission, appellee, denying the application of Missouri Pacific Railroad Company, appellant, to discontinue its agency station at Claremore, Oklahoma. The application alleged: there was not sufficient business at the Claremore station to justify its operation and the lack of business imposed an economic hardship. Claremore is located approximately 27 miles from the town of Wagoner and toll-free telephone service to the agent at Wagoner would be provided customers and emergency personnel; there is no passenger train service operated by applicant, and all freight business is on a carload basis which can be adequately handled from the Wagoner depot; public service and necessity do not require the continued maintenance of the Claremore station; shippers and users of the railroad service can be conveniently served by the Wagoner agent or the toll-free or collect telephone service provided; and the continued operation of the agency and station at a substantial loss results in a taking of railroad property for public use without just compensation in violation of the United States and Oklahoma Constitutions.[1]

A hearing was held before a Corporation Commission referee who found the services of a station agent at Claremore to be a necessity, and denied the application. Appellant filed its exceptions to the report of the referee in which it enumerated expenses chargeable to the Claremore station,[2] and asserted that the finding of

---

1. U.S.Const. Amendment XIV. Okl.Const. Art. II §§ 2, 7, 23.

2. The out-of-pocket expenses chargeable to the Claremore station reflect:

the referee that a station agent was a necessity was contrary to the law and the evidence. The Corporation Commission acknowledges that a long line of cases[3] holds where the undisputed evidence shows either a loss or an unreasonably low return compared to out-of-pocket cost the company is not required to maintain the agency. The Corporation Commission counters by arguing that the cases cited by appellant were decided on factors based upon issues other than safety, and that safety was the determining point in the Commission's requirement that the station be kept open. It argues a resident agent was needed to insure that the crossings were not blocked by trains in an emergency.

The issue on appeal is whether the Corporation Commission may require appellant to continue to sustain substantial losses by furnishing a full-time station agent and deny substitute service to the public by its agents at Wagoner through toll-free telephone communication.

The evidence reflects the only service offered at Claremore is car-load freight service and there is no on-tract-industry at this location. In relation to an agent's service and the time spent on appellant's business, the witness stated only two outgoing cars (requiring bills of lading) had been handled in the past 3½ years. During the past 1½ years no over-short or damage reports had been made by this agent. Freight generally moves on prepaid or nationally credit billed freight charges and in the year 1974 freight charges were collected on 2 inbound cars. This agent spent 30 minutes a day in service to the public regarding freight shipments. Although the Commission required retention of the agent as a safety feature so

he could clear the crossing and "break" the trains, the evidence was after 4 p. m. daily when the agent at Claremore goes home for the day, there is nobody on duty at Claremore to provide this service. However, at Wagoner there would be someone practically 24 hours a day, and the dispatcher in Kansas City could provide the same service if the agent at Wagoner could not be reached. The agent at Claremore has no control or authority regarding the movement of trains, and although the agent could "break the train" it is against the rules for him to do so. If the agent at Claremore receives a call from the Fire Department, or any other emergency persons, he has to contact the dispatcher at Kansas City to get permission to do this and then notify the train crew. This is the same procedure and involves the same time factor as if it is done by the Wagoner agent.

This Court has held where agents spend an average of less than thirty working minutes per day at the station and there is no actual public necessity for a full-time station agent, maintenance of a particular type of agency is not an absolute duty, but involves a question of business policy.[4] In *St. Louis-San Francisco Railway v. State,* Okl., 271 P.2d 338 (1954), in reversing the Corporation Commission for refusing to allow Frisco to dispense with station agent service we said:

> "The only possible legal way to require a railroad to maintain an agency is to show either that it is profitable or that there are peculiar circumstances in the case showing that the public convenience and necessity is such that it would require them to operate there in any event."

| Year | Out-of-Pocket Cost | Revenue | Loss |
|------|------|------|------|
| 1972 | $16,735.18 | $6,229.62 | $10,505.56 |
| 1973 | 20,085.39 | 4,411.80 | 15,673.59 |
| 1974 | 23,575.69 | 5,623.45 | 19,952.24 |
| 1975 (5 mo.) | 9,195.69 | 1,450.79 | 7,744.90 |

491, 118 P.2d 238 (1941); *Lowden v. State,* 188 Okl. 106, 106 P.2d 801 (1940); *Lowden v. State,* 186 Okl. 654, 100 P.2d 890 (1940); *Lowden v. State,* 182 Okl. 549, 78 P.2d 1059 (1938); *Kurn v. State,* 179 Okl. 440, 66 P.2d 52 (1937); *Kurn v. State,* 175 Okl. 379, 52 P.2d 841 (1935).

3. *St. L.-S. F. Ry. Co. v. State,* Okl., 515 P.2d 233 (1973); *St. L.-S. F. Ry. Co. v. State,* Okl., 486 P.2d 734 (1971); *Atchison, T. & S. F. Ry. Co. v. State,* 190 Okl. 18, 119 P.2d 840 (1941); *Atchison, T. & S. F. Ry. Co. v. State,* 189 Okl. 485, 118 P.2d 202 (1941); *Lowden v. State,* 189 Okl.

4. *St. Louis-S. F. Ry. Co. v. State,* 515 P.2d 233, 236 (Okl.1973); *St. Louis-S. F. Ry. Co. v. State,,* 486 P.2d 734, 736 (Okl.1971); *Atchison T. & S. F. Ry. Co. v. State,* 189 Okl. 485, 118 P.2d 202 (1941).

The Corporation Commission argues it did not rule contrary to law and further that it is bound by the Okla.Const. art. 9, § 14[5] not to permit closing of the station because Claremore is the county seat of Rogers County and the railroad runs within the city limit. The constitutional provision is clearly inapplicable. The railroad was constructed before statehood and the provision applies only to "railroads hereafter constructed."[6]

We find that neither the public convenience and necessity, nor the safety of the citizens of Claremore would be impaired by closing the agency because the same services would be provided in the same time frame, and that the finding of Commission was not supported by substantial evidence. Under the provisions of Okla.Const. art. 9, § 20,[7] this Court on appeal from an order of the Corporation Commission, is required to review the evidence to determine whether the order appealed from is supported by substantial evidence. When there is evidence reasonably tending to support the order of the Commission, the order must be sustained. Conversely, if the order is not sustained by substantial evidence it will be reversed.[8] It is the undisputed evidence that the station agent at Claremore has no authority to break a train at a crossing. If an emergency arose, it would be necessary for someone to advise the local agent, presumably by telephone, and he could then contact the train dispatcher in Kansas City for authority to order the train separated or he could contact the conductor by radio. The station agent at Claremore is on duty for an eight hour shift. Services of the agent in Wagoner are available for almost a 24 hour period of time because the station has two employees. Under appellant's proposal these employees would be available by toll-free telephone to all users and emergency personnel. It appears that because of the availability of the agent in Wagoner and the fact that two persons maintain the station for a longer period of time, more safety is offered by the use of the Wagoner station agent. The maintenance of an agent in Claremore is not the absolute duty of appellant, and where safety in the operation of trains may be accomplished by an alternative method which offers the same desired results, it is unreasonable to require the maintenance of the station in Claremore when a less expensive, more efficient and effective means is available.

After a careful examination of the entire record, including all the evidence, we find the Commission's order denying appellant permission to close its agency was not supported by substantial evidence, and the cause is remanded with directions to enter an order granting appellant's application.

DAVISON, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

---

5. It is provided by Okla.Const. art. 9, § 14:
   No railroad hereafter constructed in this State shall pass within a distance of four miles of any county seat without passing through the same and establishing and maintaining a depot therein, unless prevented by natural obstacles such as streams, hills, or mountains: Provided, such town, or its citizens, shall grant the right-of-way through its limits and sufficient ground for ordinary depot purposes.

6. Act of Congress June 1, 1886 Ch. 395, § 1, 24 Stat. 73 granted appellant's predecessor the right to construct and operate a railway through Indian Territory.

7. The Okl.Const. art. 9, § 20 provides in pertinent part:
   The Supreme Court's review of appealable orders of the Corporation Commission shall be judicial only, and in all appeals involving an asserted violation of any right of the parties under the Constitution of the United States or the Constitution of the State of Oklahoma, the Court shall exercise its own independent judgment as to both the law and the facts. In all other appeals from orders of the Corporation Commission the review by the Supreme Court shall not extend further than to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence. Upon review, the Supreme Court shall enter judgment, either affirming or reversing the order of the Commission appealed from.

8. *St. Louis-S. F. Ry. Co. v. State,* 301 P.2d 228, 232 (Okl.1956); *Kansas, O. & G. Ry. Co. v. State,* 275 P.2d 274, 276 (Okl.1954); *St. Louis-S. F. Ry. Co. v. State,* 262 P.2d 168, 172 (Okl. 1953).